UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FLORES,<br><br>        Petitioner,<br><br>   v.<br><br>SCOTT KERNAN, et al.<br><br>        Respondents. | 1:05-cv-00379-AWI-TAG HC<br><br>ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed his Petition on March 9, 2005. (Doc. 1). Petitioner alleges the following grounds for relief: (1) conviction for battery and aggravated battery in violation of the Double Jeopardy Clause because the former is a lesser included offense of the latter; (2) failure to instruct on the lesser included offenses of simple assault and simple battery denied Petitioner a fair trial; (3) Petitioner's sentence violates the Eighth Amendment because his convictions for "gassing" and "battery" are not offenses that trigger California's Three Strikes law and this error is so egregious as to rise to the level of a federal violation; (4) (a) trial court's failure to strike prior convictions violated due process, and (b) ineffective assistance of counsel in his attorney's failure to raise this issue as a federal claim; (5) insufficient evidence that Petitioner "gassed" the victim; (6) trial court error in denying Petitioner's motion to dismiss a prior strike based on an erroneous finding that

1

Petitioner had three prior strikes instead of two; (7) Petitioner's sentence of fifty years to life constitutes cruel and unusual punishment in violation of the Eighth Amendment; (8) ineffective assistance of appellate counsel in failing to raise grounds one, two, and three, in the California Supreme Court during Petitioner's direct appeal, and in failing to frame ground three as a federal claim. (Id.).

In his direct appeal, Petitioner raised Grounds Five, Six, and Seven in his petition for review in the California Supreme Court in Case No. S115972. That petition was denied on June 18, 2003. Petitioner subsequently filed a state habeas corpus proceeding in Case No. S123223 raising Grounds One, Two, Three, Four, and Six. That petition was rejected by the California Supreme Court on January 12, 2005.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. From a preliminary review of the Petition, it does not appear that Ground Seven has ever been raised in the California Supreme Court; therefore, it appears to be unexhausted. The Court will permit Petitioner to file an amended petition deleting any unexhausted claims or explaining why the claims are exhausted. Additionally, Ground Five (insufficient evidence) and Ground Six (failure to strike a prior conviction) do not, as presently framed, state cognizable federal issues. Accordingly, the Court will order Petitioner to file an amended petition that states only cognizable federal claims.

**I. Exhaustion.**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson,

///

1 | 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d
2 | 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. Later, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Ground Seven alleges ineffective assistance of appellate counsel for, inter alia, failing to raise certain issues in the petition for review filed in the California Supreme Court on behalf of Petitioner in his direct appeal.  From the information provided by Petitioner, it does not appears that Ground Seven was ever presented to the California Supreme Court.  If Petitioner has not presented his claims for federal relief to the California Supreme Court, then the Court must give Petitioner the choice of either dismissing the petition and returning to state court to exhaust remedies or of "amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, ___U.S., 125 S.Ct. 1528, 1535 (2005); Jefferson v. Budge, No. 03-16932, 2005 WL 1949886, at *2-3 (9th Cir. Aug. 16, 2005); see Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).

If Petitioner has in fact presented Ground Seven to the California Supreme Court and simply neglected to inform this Court, then in the amended petition which the Court is directing Petitioner to file, Petitioner must inform the Court of the circumstances under which Ground Seven was presented to the California Supreme Court, along with, if possible, a copy of the petition filed in the California Supreme Court, and a copy of any ruling made by the California Supreme Court regarding Ground Seven.

**II. Failure To Raise Cognizable Claims**.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of § 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody ... ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of,

1  clearly established Federal law, as determined by the Supreme Court of the United States; or resulted
2  in a decision that was based on an unreasonable determination of the facts in light of the evidence
3  presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

4      In Ground Five, Petitioner alleges insufficient evidence was presented to support a conviction
5  for "gassing" the victim.  In Ground Six, Petitioner asserts that the trial court committed sentencing
6  errors because the court mistakenly found three prior strike convictions to have arisen out of the
7  same incident.

8      Issues of state law sentencing errors generally are not cognizable on federal habeas review,
9  unless the petitioner claims a deprivation of due process or equal protection due to the
10 misapplication of the sentencing law. See Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir.
11 1991); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to
12 reexamine state court determinations on state law questions"); Miller v. Vasquez, 868 F. 2d 1116,
13 1118-19 (9th Cir. 1989) (refusing to address sentence enhancement claim).  Moreover, "[c]onclusory
14 allegations which are not supported by a statement of specific facts do not warrant habeas relief."
15 James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

16     In addition, "the availability of a claim under state law does not of itself establish that a claim
17 was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990),
18 *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th
19 Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for
20 federal habeas relief).  Federal courts are bound by state court rulings on questions of state law.
21 Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

22     In neither Ground Five nor Ground Six does Petitioner allege a violation of the Constitution
23 or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.
24 Petitioner does not allege that the adjudication of these two claims in state court "resulted in a
25 decision that was contrary to, or involved an unreasonable application of, clearly established Federal
26 law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ."
27 28 U.S.C. § 2254.  Accordingly, because the two grounds are asserted only as issues of state law,
28 ///

they are not cognizable in this habeas proceeding. <u>Estelle</u>, 502 U.S. at 67. Hence, Petitioner must filed an amended petition that alleges only federal claims.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. That Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.[1] The Court will not consider the original petition. Petitioner is reminded that each claim *must* state a cognizable federal claim;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   August 19, 2005**           **/s/ Theresa A. Goldner**
j6eb3d                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court. <u>Duncan v. Walker</u>, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).